# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Larry W Unruh
Jacque M Unruh

        Debtor(s).          Ch. <u>13 06-42294 NCD</u>

## NOTICE OF MODIFIED PLAN (Pre-Confirmation) AND CONFIRMATION HEARING

To:  The Chapter 13 Trustee; the United States Trustee; and to the other entities specified in Local Rule 3015-2:

1.   Please take notice that the debtors have filed a modified plan.

2.   A copy of the modified plan is attached.

3.   The Court will hold a hearing on confirming this modified plan at <u>10:00</u> o'clock a.m. on <u>Feb. 1, 2007</u>, at Courtroom <u>7W</u>, 300 S 4th St, Minneapolis MN 55415, or as soon thereafter as counsel may be heard.

4.   Any objection to confirmation of this modified plan must be filed and delivered not later than <u>10:00</u> a.m. on <u>Jan. 31, 2006</u>, which is twenty-four hours before the hearing, or filed and served by mail not later than <u>Jan. 29, 2006</u>, which is three business days before the time set for the confirmation hearing.


    <u>/e/ Sam V. Calvert</u>
Sam V. Calvert
1011 2nd St. North, Suite 107
Box 1044
St. Cloud MN  56302
320-252-4473
atty id # 1431X

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                                          **MODIFIED CHAPTER 13 PLAN**

Larry W. Unruh
Jacque M. Unruh                                                 Dated: Jan. 5, 2007
    DEBTOR                                              Case No. 06-42294
*In a joint case, debtor means debtors in this plan.*

**1. DEBTOR'S PAYMENTS TO TRUSTEE —**
a. As of the date of this plan, the debtor has paid the trustee $ 900.00
b. After the date of this plan, the debtor will pay the trustee $ 527.50 per month for 58 months, starting in January, 2007, for a total of $ 30,595.00
c. The minimum plan length is X 36 or __ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
d. The debtor will also pay the trustee $0
e. The debtor will pay the trustee a total of $31,495.00 [line 1(a) + line 1(b) + line 1(c)].

**2. PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $2,600.00.

**3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** – The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | *Monthly Payment* | *Number of Months* | *Total Payments* |
|---|---|---|---|
| a. Cap. One Auto | $112.50 | 2 | $225.00 |
| b. TOTAL | | | $ 225.00 |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** – The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| *Creditor* | *Description of Property* |
|---|---|
| A. None | |

**5. CLAIMS NOT IN DEFAULT** – Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors.

The creditors will retain liens, if any.

*Creditor*  *Description of Claim*
A. none

**6. HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates.* The trustee will pay the actual amounts of default.

| *Creditor* | *Amount of Default* | *Monthly Payment* | *Beginning in Month #* | *Number of Payments* | *TOTAL PAYMENTS* |
|---|---|---|---|---|---|
| a. Litton | $2908.56 | $150.00 | 1 | 2 | |
| | | $ 75.00 | 3 | 35 | $2,908.56 |
| b. Slaughter | $ 693.81 | $ 25.00 | 3 | 28 | $   693.81 |
| c. | | | | TOTAL | $3,602.37 |

**7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

| *Creditor* | *Default* | *Payment* | *Starting Month* | *# of pmts* | *total* |
|---|---|---|---|---|---|
| a. none | $ | $ | | | |

**8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| *Creditor* | *claim Amt.* | *int Rate* | *monthly pmt.* | *no. pmts.* | *total acct. pmts.* | *adeq. prot. pmt. Amt.* | *Total of payments* |
|---|---|---|---|---|---|---|---|
| a. Cap1 | $ 14,649.00 | 9.25% | $ 314.18 | 58 | $ 18222.44 | $ 225.00 | $ 18,447.44 |
| b. | Auto Finance | | | | | TOTAL | $ 18,447.44 |

**9. PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. ***The amounts listed are estimates***. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $2000.00 | $90 | 1 | 2 | |
|  |  | $125 | 3 | 15 | $2,000.00 |
| b. Domestic support |  |  |  |  | $ |
| c. IRS | $4,227.94 | $125 | 19 | 12 | $4,227.94 |
| d MN Dept. of Rev. | 562.00 | $ 25 | 31 | 22 | $ 562.00 |
| e. |  |  | Total: |  | $ 6,789.94 |

**10. SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:   none
The trustee will pay the allowed claims of the following creditors. ***All entries below are estimates***.

a.  **None.**

**11. TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ 55.25  [line 1(d) minus lines 2, 6(d), 7(d), 8(b), 9(e), and 10(a)].
a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $0.
b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ 20,000.00
c. Total estimated unsecured claims are $ 20,000.00 [line 11(a) + line 11(b)].

**12. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS — The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.  Confirmation of the plan constitutes a finding that the debtor has submitted all required documentation.**  Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; to deem the pre-petition arrearages as contractually cured by confirmation; to apply the direct mortgage payments paid by the debtor to the month in which they were made, whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor and

the attorney for the debtor of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor and attorney for the debtor of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i).  The plan filed by the debtor(s) herein hereby specifically rejects, avoids, cancels and otherwise releases the debtor(s) from any and all contractual provisions, with any party or entity, which could or may impose on the debtor(s) any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution.

The trustee's commission stated in paragraph 2 is the debtors' estimate of more than that which will actually be payable based on the trustee's present commission.  If the Attorney General increases the trustee's commission rate during the course of this plan, the debtors shall be under a duty to modify their plan so as to increase the payments to the trustee to an amount which will actually pay the trustee's commission.

The debtors will file as and when due, without seeking extensions of time, any and all post-petition federal income tax returns and will timely pay any post-petition federal income taxes. Should the debtors default on the timely filing of returns, and/or payment of federal income taxes, the IRS will be entitled to an ex-parte order for dismissal of this case without notice or hearing on the filing of an affidavit with the Court that attests to such default and also that the Internal Revenue Service had mailed a letter by first class mail to debtors and debtors' counsel that gave notice of said default and a 30-day period to cure and that such a cure that such a cure had not been performed.

**14. SUMMARY OF PAYMENTS** —
Trustee's Fee [Line 2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $   2,600.00
Home Mortgage Defaults [Line 6(d)] . . . . . . . . . . . . . . . . . . . . . . . . $   3,602.37
Claims in Default [Line 7(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $        0
Auto claim  [Line 7A(b)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     $  18,447.44
Other Secured Claims [Line 8(d)] . . . . . . . . . . . . . . . . . . . . . . . . . $   0
Other Claims [Line 9(f)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ... $   6,789.94
Separate Classes [Line 10(c)] . . .. . . . . . . . . . . . . . . . . . . . . . . . . $        0
Unsecured Creditors [Line 11] . . . . . . . . . . . . . . . . . . . . . . . . . .    $     55.25
**TOTAL [must equal Line 1(d)]** . . . . . . . . . . . . . . . . . . . . . . . . . $ 31,495.00

*Insert Name, Address, Telephone*
*and License Number of Debtor's Attorney*:
Sam V. Calvert #1431X                    Signed:      /e/ Larry Unruh
1011 2nd ST N Ste 107                                 Larry Unruh  Debtor

St Cloud MN 56303
320-252-4473                                  Signed:   /e/ Jaque Unruh
                                                        Jacque Unruh Joint Debtor

```
          UNITED STATES BANKRUPTCY COURT
              DISTRICT OF MINNESOTA
```
In re:

Larry W Unruh
Jacque M Unruh

       Debtors.

               Chapter 13 file Case:

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

    Barb Robinson, secretary to Sam V. Calvert, attorney licensed to practice law in this Court, with office address of 1011 2nd St. North, Suite 107, Box 1044, St. Cloud, MN 56302, declares that on Jauary 5, 2007 I served the attached Notice of Modified Plan and Confirmation Hearing on the entity or entities listed below, by mailing each of them a copy thereof by enclosing the same in an envelope, first class postage prepaid, and depositing the same in the United States Mail at St. Cloud Minnesota addressed as follows:

Office of the US Trustee
Suite 1015
300 S 4th St
Minneapolis MN 55415

Michael Farrell
Box 519
Barnsville MN 56514

Larry & Jackie Unruh
1620 Atlantic Ave
Benson MN 56215

<u>See attached list</u>

And I declare, under penalty of perjury, that the foregoing is true and correct.


Dated: January 5, 2007                    /e/   B Robinson

Benson Family Dental Care
219 14th ST S STE 2
Benson MN 56215
        (cr)

Capital One
PO Box 30285
Salt Lake City UT 84130-0285
        (cr)

Capital One
c/o TSYS Debt Mgmt
Box 5155
Norcross GA 30091
        (cr)

Capital One Auto Finance
3901 Dallas Parkway
Plano TX 75093
        (cr)

Crafters Choice
c/o Penn Credit Corp
Box 988
Harrisburg PA 17108-0988
        (cr)

CreditOne Bank
Box 98873
Las Vegas NV 89193
        (cr)

Dept. Veterans Affairs
4801 Veterans DR
138G1
St Cloud MN 56303-2015
        (cr)

Direct Merchants Bank
Box 22128
Tulsa OK 74121-2128
        (cr)

Household Bank
Box 80084
Salinas CA 93912-0084
        (cr)

Household Bank Mastercard
Box 80084
Salinas CA 932912-0084
        (cr)

Internal Revenue Service
STOP 5700
30 East 7th Street
St Paul MN 55101
    (cr)
Internal Revenue Service
Insolvency Section
P.O. Box 21126
Philadelphia PA 19114
    (cr)
Litton Loan Services
4828 Loop Central DR
Houston TX 77081
    (cr)
Merrick Bank
Box 5721
Hicksville NY 11802-5721
    (cr)
Merrick Bank
Box 9201
Old Bethpage NY 11804
    (cr)
MN Dept of Revenue
Bankruptcy Section
Box 64447
St Paul MN 55164
    (cr)
NSLP c/o ACS Inc
2285 Murfreesboro RD STE 200
Nashville TN 37217
    (cr)
Slaughters Plumbing & Septic
Box 91
Benson MN 56215
    (cr)
Stevens Comm. Medical Center
c/o Collection Resources
Box 2270
St Cloud MN 56302-2270
    (cr)
Time Life Music
c/o North Shore Agency

751 Summa AV  
Westbury NY 11590  
                      (cr)

Unicel  
c/o Bureau of Coll Recovery Inc  
7575 Corporate Way  
Eden Prairie MN 55344  
                      (cr)

UNITED STATE BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Larry W. Unruh
Jacque M. Unruh
    DEBTOR                            Case No. 06-42294

**SIGNATURE DECLARATION**

\_\_\_\_ PETITION, SCHEDULES & STATEMENTS
\_\_\_\_ CHAPTER 13 PLAN
\_\_\_\_ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
\_\_\_\_ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
_X_ MODIFIED CHAPTER 13 PLAN
\_\_\_\_ OTHER (Please describe:_____)

I (We), the undersigned debtor(s) or authorized representative of the debtor, **make the following declaration under penalty of perjury:**

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct.
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct.
- **[individual debtors only]** If no Social Security number is included in the "Debtor Information Pages" submitted as part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages" is applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 12/28/06

x _/s/ Larry W. Unruh_                      x _/s/ Jacque Unruh_
Signature of Debtor or Authorized Representative      Signature of Co-Debtor or Authorized Representative
Larry W. Unruh                                      Jacque M. Unruh